UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MARIKA GAVRE,                                                                    Plaintiff,

v.                                                              Civil Action No. 3:20-cv-551-DJH-CHL

COMMISSIONER OF SOCIAL SECURITY,                                 Defendant.

* * * * *

**<u>MEMORANDUM AND ORDER</u>**

Plaintiff Marika Gavre filed this action seeking review of the Commissioner's decision to

deny Gavre's application for disability insurance benefits.  (Docket No. 1)  The case was referred

to Magistrate Judge Colin H. Lindsay for report and recommendation.  (D.N. 19)  Judge Lindsay

issued his Findings of Fact, Conclusions of Law, and Recommendation on January 3, 2022,

recommending that the Commissioner's decision be vacated and remanded.  (D.N. 26)  The

Commissioner timely objected to the report and recommendation (D.N. 27), and Gavre filed a

response to the objection.  (D.N. 28)  After careful consideration, the Court will adopt in full Judge

Lindsay's Findings of Fact, Conclusions of Law, and Recommendation and reverse and remand

the case to the Commissioner of Social Security.

**I.**

Gavre filed an application for disability insurance benefits on July 27, 2017.  (D.N. 18,

PageID # 113)  On July 15, 2019, an Administrative Law Judge (ALJ) concluded that Gavre was

not disabled after engaging in the five-step evaluation process to determine eligibility for disability

benefits.  (*Id.*, PageID # 113–26)  At step five of the process, the ALJ found that Gavre was not

disabled because she had the residual functional capacity (RFC) to perform "sedentary work" with

some defined limitations.  (*Id.*, PageID # 117)  When she was evaluating Gavre's RFC, the ALJ

discussed the opinion of state-agency consultants, who opined that Gavre could engage in "light

exertional" work.  (*Id.*, PageID # 123; *see id.*, PageID # 177–215)  The ALJ found the consultants'

opinions "not persuasive" because "the evidence received in the record as well as the testimony

after the determination establish[ed] greater limitations."  (*Id.*, PageID # 123)

The ALJ also discussed the opinion of Gavre's treating physician, Dr. Vincent Fry, who

diagnosed Gavre with cervical and lumbar spondylosis and anxiety.  (*Id.*, PageID # 123; *see id.*,

PageID # 1336–37)  Dr. Fry completed a Physical Capabilities Evaluation, which listed "objective

signs" of Gavre's symptoms and evaluated Gavre's functional limitations.  (*Id.*, PageID # 1336–

37)  The ALJ, however, found Dr. Fry's opinion only "somewhat persuasive," stating that "some

of his findings [we]re out of proportion to the medical record and [we]re based mainly on the

claimant's subjective complaint."  (*Id.*, PageID # 123)  The ALJ determined that Gavre was unable

to perform past relevant work as a secretary or personnel clerk.  (*Id.*, PageID # 124)  A vocational

expert testified that Gavre could perform a job that "exists in significant numbers in the national

economy," such as "[d]ocument preparer," "[t]able worker," or "[s]orter."  (*Id.*, PageID # 125)

The ALJ found the vocational expert's testimony "consistent with the information contained in the

Directory of Occupational Titles" and ultimately concluded that Gavre was not disabled.  (*Id.*,

PageID # 125–26)

## II.

When reviewing a report and recommendation, the Court reviews de novo "those portions

of the report or specified proposed findings or recommendations to which objection is made."  28

U.S.C. § 636(b)(1)(C).  The Court may adopt without review any portion of the report to which no

objection is made.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Upon review, the Court "may

accept, reject, or modify the recommended disposition; receive further evidence; or return the

matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).  Accordingly, the Court

will review de novo the portions of Judge Lindsay's recommendation to which the Commissioner

objects.

**A.      Standard of Review**

In reviewing an ALJ's decision, the Court asks "whether it is supported by substantial

evidence and was made pursuant to proper legal standards."  *Rogers v. Comm'r of Soc. Sec.*, 486

F.3d 234, 241 (6th Cir. 2007) (citations omitted).  "Substantial evidence is defined as more than a

scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion."  *Id.* (internal quotations omitted).  The

Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of

credibility."  *Cohen v. Sec'y of Health & Hum. Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (quoting

*Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)).  Where substantial evidence supports the

ALJ's decision, the Court "must affirm."  *Staymate v. Comm'r of Soc. Sec.*, 681 F. App'x 462, 466

(6th Cir. 2017) (citing *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994)).  Moreover, "[t]he

findings of the [ALJ] are not subject to reversal merely because there exists in the record

substantial evidence to support a different conclusion."  *Buxton v. Comm'r of Soc. Sec.*, 246 F.3d

762, 772–73 (6th Cir. 2001); *see also Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir.

1999) ("Even if the evidence could also support another conclusion, the decision of the

Administrative Law Judge must stand if the evidence could reasonably support the conclusion

reached.").  But the "ALJ's failure to follow agency rules and regulations 'denotes a lack of

substantial evidence, even where the conclusion of the ALJ may be justified based upon the

record.'"  *Cole v. Astrue*, 661 F.3d 931, 939–40 (6th Cir. 2011) (quoting *Blakley v. Comm'r of*

*Soc. Sec.*, 581 F.3d 399, 407 (6th Cir. 2009)).

**B.      Gavre's Claim**

The regulations outlined in 20 C.F.R. § 404.1520c apply because Gavre filed her claim

after March 27, 2017.   *See* 20 C.F.R. § 404.1520c.   Section 404.1520c supersedes the old

regulations, which required an ALJ to ascribe greater evidentiary weight to treating-provider

medical opinions.   *See* 20 C.F.R. § 404.1527(c)(2).   Under the new regulations, no specific

evidentiary weight is given to any medical opinion.   *See* § 404.1520c(a).   Rather, an ALJ must

"articulate in [the] determination or decision how persuasive [the ALJ] find[s] all of the medical

opinions and all of the prior administrative medical findings in [the] case record."   § 404.1520c(b).

In evaluating the medical opinions, the ALJ must consider supportability, consistency, relationship

with the claimant, specialization, and "other factors."   § 404.1520c(c).   "The most important

factors" in discerning the persuasiveness of a medical opinion are supportability and consistency.

§ 404.1520c(a).   Therefore, while it is unnecessary to discuss all the factors, the ALJ must

"explain" how he or she "considered the supportability and consistency factors" for each source's

medical opinion.   § 404.1520c(b)(2).   In assessing supportability, "[t]he more relevant the

objective medical evidence and supporting explanations presented by a medical source are to

support [a] medical opinion[] . . . , the more persuasive the medical opinion[] will be."

§ 404.1520c(c)(1).   As to consistency, "[t]he more consistent a medical opinion[] . . . is with the

evidence from other medical sources and nonmedical sources in the claim, the more persuasive the

medical opinion[] . . . will be."   § 404.1520c(c)(2).

Courts within the Sixth Circuit have found that these regulations, although "less

demanding" in deferring to treating-provider opinions, "still require that the ALJ provide a

coherent explanation of [her] reasoning."   *Hardy v. Comm'r of Soc. Sec.*, No. 20-10918, 2021 WL

3702170, at \*4 (E.D. Mich. Aug. 13, 2021) (alteration in original) (quoting *Lester v. Saul*, No. 20-

01364, 2020 WL 8093313, at *14 (N.D. Ohio Dec. 11, 2020)) (internal quotation marks omitted).

"The new regulations 'set forth a "minimum level of articulation" to be provided in determinations

and decisions, in order to "provide sufficient rationale for a reviewing adjudicator or court."'" *Id.*

(quoting *Warren I. v. Comm'r of Soc. Sec.*, No. 20-495, 2021 WL 860506, at *8 (N.D.N.Y. Mar.

8, 2021)).

The Commissioner argues that the ALJ complied with the regulatory requirement to

"articulate" how she considered the supportability and consistency factors, § 404.1520c(b), when

she found Dr. Fry's opinion "somewhat persuasive." (D.N. 18, PageID # 124; *see* D.N. 27, PageID

# 1679)  Gavre disagrees, asserting that the ALJ's decision did not "provide[] a clear explanation

of [her] reasoning" as to these factors. (D.N. 28, PageID # 1686 (quoting *White v. Comm'r of Soc.*

*Sec.*, No. 1:20-CV-00588-JDG, 2021 WL 858662, at *21 (N.D. Ohio Mar. 8, 2021)) (internal

quotation marks omitted))

In *Hardy*, the court concluded that the ALJ's findings did not comply with the § 404.1520c

requirements because the ALJ did not adequately explain why the opinions of the claimant's

treating providers were unpersuasive.  2021 WL 3702170, at *5–6.  While the ALJ detailed

medical findings that contradicted the treating providers' evaluations when she summarized the

record, she did not refer to those findings when she rejected the treating providers' opinions. *Id.*

at *5.  Rather, the ALJ determined that one provider's evaluation was "overly sympathetic" to the

claimant and that the other "lacked support in [the provider's] own contemporaneous treatment

documentation or elsewhere in the extensive record." *Id.* at *4–5.  The court reversed the ALJ's

decision, stating that the ALJ did not sufficiently discuss supportability or consistency when she

disregarded these opinions. *Id.* at *5–6.

Here, the ALJ discussed Dr. Fry's evaluation, which supported Gavre's claim, and then noted that his opinion was only "somewhat persuasive" because "some of his findings [we]re out of proportion to the medical record and [we]re based mainly on the claimant's subjective complaint." (D.N. 18, PageID # 124)  This single sentence, like that in *Hardy*, neither explains how Dr. Fry's opinion was unsupported by objective medical evidence nor identifies which of Dr. Fry's findings was inconsistent with other evidence in the record. *See* 2021 WL 3702170, at *4–6; *see also Bonnett v. Kijakazi*, 859 F. App'x 19, 20 (8th Cir. 2021) (reversing ALJ's non-disability finding when the ALJ did not address whether the claimant's treating provider's opinion was consistent with other evidence in the record); *cf. Webster v. Kijakazi*, 19 F.4th 715, 719 (5th Cir. 2021) (affirming ALJ's non-disability determination when the ALJ "considered both the consistency and supportability" of the treating physician's opinion by comparing it to other medical opinions and evidence in the record and deciding that the opinion was unsupported by the physician's own findings).  The ALJ did not "provide a coherent explanation of [her] reasoning." *Hardy*, 2021 WL 3702170, at *4 (alteration in original) (quoting *Lester*, 2020 WL 8093313, at *14) (internal quotation marks omitted).

The Commissioner cites evidence in the record that supports the ALJ's conclusion (*see* D.N. 28, PageID # 1681), but even if evidence elsewhere in the record supports the non-disability finding, this alone "does not excuse non-compliance with [the regulations] as harmless error." *Blakley*, 581 F.3d at 410; *see Hardy*, 2021 WL 3702170, at *6 (rejecting Commissioner's argument that other evidence in the administrative record supported the ALJ's conclusion because the regulations "require explanations for determinations that a medical opinion is unpersuasive").  Notably, the Commissioner offers no objection to the magistrate judge's conclusion that the ALJ's error was not harmless.  (*See* D.N. 27; *see also* D.N. 26, PageID # 1673–75)  Where, as here, the

ALJ does not find any medical opinion persuasive that supports the non-disability finding, "faithful adherence to the 'articulation' requirement of the new regulations is" all the more "vital." *Hardy*, 2021 WL 3702170, at \*6.  The Court therefore agrees with the magistrate judge that the ALJ did not sufficiently articulate how she considered the supportability and consistency factors.  (*See* D.N. 26)

### III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)     The Commissioner's objections (D.N. 27) are **OVERRULED**.

(2)     The Findings of Fact, Conclusions of Law, and Recommendation of Magistrate Judge Colin H. Lindsay (D.N. 26) are **ADOPTED** in full and **INCORPORATED** by reference herein.  A separate judgment will be entered this date.

March 14, 2022

David J. Hale, Judge
United States District Court